asphalt throughout the United States, in violation of the Sherman Anti-Trust Act of July 2, 1890, 15 U.S.C.A. §§ 1–7, 15 note. The complaint further alleged that the state of Georgia had been damaged in the amount of $128,027.13, through the payment of excessive prices for asphalt purchased. The prayer was for recovery of $384,081.39. Defendants moved to dismiss the suit on the ground that the state of Georgia is not a "person" entitled to bring such an action under the provisions of Sec. 7 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 15. The motions were granted and the suit dismissed.

The state of Georgia is a sovereign. The case is controlled by the decision of the Supreme Court in United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071. On the authority of that decision the judgment is affirmed.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

Substantial evidence being found in the record to support the decision and order of the National Labor Relations Board, the petition for enforcement of the order of the Board is allowed as prayed, except that, at the request and by consent of the Board, its order is modified by eliminating from paragraph 2(b) the requirement that the respondent shall pay to public work relief agencies sums earned by the discharged employees on work relief projects. In all other respects, the order of the National Labor Relations Board is sustained.

## COMMISSIONER OF INTERNAL REVENUE v. BRANDEGEE.

### No. 3678.

Circuit Court of Appeals, First Circuit.

Oct. 30, 1941.

## NATIONAL LABOR RELATIONS BOARD v. STANDARD KNITTING MILLS, Inc.

### No. 8791.

Circuit Court of Appeals, Sixth Circuit.

Oct. 14, 1941.

Robert B. Watts, of Washington, D. C., for petitioner.

R. R. Kramer, Charles McNabb, and Len G. Broughton, all of Knoxville, Tenn., for respondent.